IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **LINDA HICKS**, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. **3:13-CV-3025-L** |
| § | |
| **GREEN TREE SERVICING, LLC**, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Green Tree Servicing LLC's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (Doc. 6), filed August 8, 2013. After carefully reviewing the motion, briefing, pleadings, record, and applicable law, the court **grants in part and denies in part** Defendant Green Tree Servicing LLC's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (Doc. 6). Specifically, the court **grants** Defendant's Motion to Dismiss with respect to Plaintiff's DTPA claim and **dismisses with prejudice** this claim. Defendant's Motion to Dismiss is **denied** in all other respects.

**I.   Factual and Procedural Background**

This mortgage foreclosure case was originally filed by Plaintiff Linda Hicks ("Plaintiff" or "Hicks") against Defendants GMAC Mortgage Company LLC ("GMAC")[*] and Green Tree Servicing LLC ("Defendant" or "Green Tree") (collectively, "Defendants") in the 116th Judicial District Court, Dallas County, Texas, on June 30, 2013. The action was removed to federal court

---

[*] GMAC was previously dismissed from this action by Plaintiff on September 5, 2013, after GMAC filed a notice of bankruptcy.

**Memorandum Opinion and Order – Page 1**

on August 2, 2013. Plaintiff alleges causes of action for breach of contract, anticipatory breach of contract, fraud, and violations of the Texas Deceptive Trade Practices Act ("DTPA"), and Texas Debt Collection Practices Act ("TDCPA"). Plaintiff also contends that Defendants lack authority to effect a nonjudicial foreclosure on the property at issue, which is located in Carrollton, Texas. On August 8, 2013, Green Tree filed its Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss"), to which Plaintiff responded on September 5, 2013.

## II.     Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer

more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.

**Memorandum Opinion and Order – Page 3**

*R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

An affirmative defense of statute of limitations may support dismissal pursuant to Rule 12(b)(6) when it is evident from a plaintiff's pleadings that the action is time-barred and the pleadings fail to set forth or raise some basis for tolling the statute. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citations omitted).

**III.     Analysis**

    **A.     Enforceability of Negotiable Instrument and Authority to Foreclose**

Plaintiff contends that Defendants lacked authority to foreclose on the property at issue because the note and deed of trust were bifurcated or split, and they are not the holder of the note that is secured by the deed of trust. Plaintiff therefore asserts that any attempts by Defendants to foreclose on the property were improper under Texas law.

Green Tree contends that it is entitled to dismissal of Plaintiff's claims on these grounds because production of the original note in Texas is not necessary to foreclose pursuant to a deed of

*R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

An affirmative defense of statute of limitations may support dismissal pursuant to Rule 12(b)(6) when it is evident from a plaintiff's pleadings that the action is time-barred and the pleadings fail to set forth or raise some basis for tolling the statute. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citations omitted).

**III.     Analysis**

    **A.     Enforceability of Negotiable Instrument and Authority to Foreclose**

Plaintiff contends that Defendants lacked authority to foreclose on the property at issue because the note and deed of trust were bifurcated or split, and they are not the holder of the note that is secured by the deed of trust. Plaintiff therefore asserts that any attempts by Defendants to foreclose on the property were improper under Texas law.

Green Tree contends that it is entitled to dismissal of Plaintiff's claims on these grounds because production of the original note in Texas is not necessary to foreclose pursuant to a deed of

trust, and the mortgage on real estate follows the promissory note that it secures. Green Tree contends that Plaintiff's "show-me-the-note" and "split-the-note" theories have been repeatedly rejected by courts applying Texas law. Plaintiff responds that this is not a "show-me-the-note" case. Plaintiff further contends that there is no evidence that Green Tree is the mortgagee or mortgage servicer or that the mortgage was assigned to it. Plaintiff therefore contends that Green Tree was not entitled to foreclose on the property.

After reviewing Plaintiff's pleadings, the court agrees that Plaintiff's contention that Green Tree lacks authority to foreclose on the property is not based on or akin to a "show-me-the-note" theory. Dismissal on this basis is therefore inappropriate. Regarding Plaintiff's bifurcation or split-the-note theory, the Fifth Circuit in *Martins v. BAC Home Loans Servicing, L.P.*, recently considered this theory and found it "inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned. The party to foreclose need not possess the note itself." 722 F.3d 249, 255 (5th Cir. 2013). The court does not have before it the assignment(s), note, deed of trust, or foreclosure documents. Accordingly, the court cannot determine from the face of the pleadings whether the foreclosing party in this case was the mortgage servicer or lender, or whether the mortgage was properly assigned. The court will therefore deny as premature Defendant's Motion to Dismiss with respect to Plaintiff's claims on these grounds.

B.   **Breach of Contract and Anticipatory Breach of Contract**

Plaintiff's contract claims are based on an alleged loan modification that Defendants offered and Plaintiff accepted. Green Tree contends that Plaintiff's contract claim is barred by the statute of frauds because any modification related to a loan in excess of $50,000 must be in writing. Plaintiff counters that she was never notified whether her loan modification application was

Memorandum Opinion and Order – Page 5

approved or denied. Without notice that the requested loan modification was denied, Plaintiff contends that she was denied the right to reinstate her loan in accordance with the deed of trust.

Section 26.02 of the Texas Business and Commerce Code requires loan agreements that exceed $50,000 to be in writing and signed by the party to be bound, or the party's representative, to be enforceable. Tex. Bus. & Comm. Code § 26.02(a)-(b). Section 26.02 further states that the parties' rights and obligations will be determined solely from such written agreement, which "may not be varied by any oral agreements or discussions that occur before or contemporaneously with the execution of the agreement." *Id.* at § 26.02(c)-(d). As a result, an oral modification to a loan agreement under section 26.02 is unenforceable and barred by the statute of frauds unless the oral modification does not materially alter the parties' obligations under the original written loan agreement. *Horner v. Bourland*, 724 F.2d 1142, 1148 (5th Cir. 1984).

Section 26.02 defines "loan agreement" to mean:

> one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or another thing of value or to otherwise extend credit or make a financial accommodation.

Tex. Bus. & Comm. Code § 26.02(a)(2). For subsection 26.02 to apply, a written loan agreement involving more than $50,000 must contain a merger clause that satisfies the requirements set forth in section 26.02(e), which provides:

> (e) In a loan agreement subject to Subsection (b) of this section, the financial institution shall give notice to the debtor or obligor of the provisions of Subsections (b) and (c) of this section. The notice must be in a separate document signed by the debtor or obligor or incorporated into one or more of the documents constituting the loan agreement. The notice must be in type that is boldface, capitalized, underlined, or otherwise set out from surrounding written material so as to be conspicuous. The notice must state substantially the following:

> "This written loan agreement represents the final agreement between the parties and may not be contradicted by evidence of prior, contemporaneous, or subsequent oral agreements of the parties.
>
> "There are no unwritten oral agreements between the parties.
>
> _____     _____
>  "Debtor or Obligor                              Financial Institution"

Tex. Bus. & Comm. Code § 26.02(e). If the notice required by section 26.02(e) is not provided before the loan agreement is executed or the notice is not conspicuous, section 26.02's requirement that the loan agreement be in writing does not apply, "but the validity and enforceability of the loan agreement and the rights and obligations of the parties are not impaired or affected." *Id*. § 26.02(f).

The statute of frauds is an affirmative defense. Fed. R. Civ. P. 8(c)(1). "[W]hen a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Kansa Reinsurance Co., Ltd. v. Congressional Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986) ("Although dismissal under Rule 12(b)(6) is ordinarily determined by whether the facts alleged in the complaint, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings."). For purposes of a Rule 12(b)(6) motion, the pleadings include the complaint, documents attached to the complaint, as well as "[d]ocuments that a defendant attaches to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims." *Collins*, 224 F.3d at 498-99 (internal quotation marks and citation omitted).

It is not clear here from the face of the pleadings whether notice was provided in accordance with section 26.02(e). Accordingly, dismissal based on Defendant's statute of frauds defense is not

appropriate at this time. The court will therefore deny Defendant's Motion to Dismiss with respect to Plaintiff's contract claims.

### C.   Fraud

Green Tree contends that Plaintiff's fraud claim is also barred by the statute of frauds. Assuming without deciding whether the statute of frauds applies to Plaintiff's fraud claim, the court concludes that dismissal on this ground is inappropriate for the reasons previously explained. Accordingly, the court will deny Defendant's Motion to Dismiss with respect to Plaintiff's fraud claim.

### D.   DTPA

Plaintiff mentions in passing the DTPA and TDCPA in her Original Petition ("Petition"). Green Tree contends that any claim by Plaintiff under the DTPA fails as a matter of law because she does not qualify as a consumer. Plaintiff, in response, asserts that she is a consumer for purposes of the DTPA because Green Tree did not loan her money but instead provided her with services in conjunction with the loan. Plaintiff further asserts that Defendant is a debt collector under the TDCPA.

Green Tree has not moved to dismiss Plaintiff's TDCPA claim. The court therefore will not address Plaintiff's contentions regarding this claim. Regarding Plaintiff's DTPA claim, the court concludes that, despite Plaintiff's contentions to the contrary, she does not qualify as a consumer under the DTPA.

The elements of a DTPA claim are: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex.

1995); Tex. Bus. & Com. Code § 17.50(a)(1). Whether a person qualifies as a consumer under the DTPA is a question of law for the court to decide. *Bohls v. Oakes*, 75 S.W.3d 473, 479 (Tex. App.—San Antonio 2002, pet. denied). A person who seeks only to borrow money is not a consumer under the DTPA because lending of money, without more, does not involve a good or a service. *See La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 566 (Tex. 1984). Likewise, the servicing of an existing loan and the request to modify an existing loan do not involve a good or service. *Ayers v. Aurora Loan Servs., LLC*, 787 F. Supp.2d 451, 455 (E.D. Tex. 2011) (concluding that when a plaintiff seeks a modification of an existing loan, such action is "analogous to refinancing services" and does not qualify the plaintiff as a consumer under the DTPA); *Hansberger v. EMC Mortg. Corp.*, No. 04-08-00438-CV, 2009 WL 2264996 (Tex. App.—San Antonio July 29, 2009, pet. denied) (citing *Maginn v. Norwest Mortg. Inc.*, 919 S.W.2d 164, 167 (Tex. App.—Austin 1996, no pet.) (finding loan servicing to be an ancillary service not contemplated by the DTPA)); *Porter v. Countrywide Home Loans, Inc.*, No. V-07-75, 2008 WL 2944670, at *3 (S.D. Tex. July 24, 2008) ("A borrower whose sole objective is a loan does not become a consumer merely because the lender provides services incidental to the loan that are not independent objectives of the transaction.").

Construing Plaintiff's allegations in the light most favorable to her, the court concludes that she has not stated a claim upon which relief can be granted under the DTPA. Plaintiff's alleged DTPA claim arises out of either an existing home mortgage loan, the servicing of the loan, or a requested loan modification. Moreover, the claim does not involve the purchase or lease of goods or services. Thus, she does not qualify as a consumer for purposes of the DTPA. Plaintiff's DTPA claim therefore fails as a matter of law, and Green Tree is entitled to dismissal of this claim.

**Memorandum Opinion and Order – Page 9**

**IV.     Request to Amend Pleadings**

In response to Defendant's Motion to Dismiss, Plaintiff requests that she be permitted to amend her pleadings to cure any deficiencies. As previously explained, the court concluded that Plaintiff's DTPA claim fails as a matter of law. Thus, amendment as to this claim would be futile. The court will therefore not permit Plaintiff to amend her pleadings with respect to this claim.

**V.      Conclusion**

For the reasons explained, the court **grants in part and denies in part** Defendant Green Tree Servicing LLC's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (Doc. 6). Specifically, the court **grants** Defendant's Motion to Dismiss with respect to Plaintiff's DTPA claim and **dismisses with prejudice** this claim. Defendant's Motion to Dismiss is **denied** in all other respects.

**It is so ordered** this 12th day of March, 2014.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge